IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SILVA AVETIAN | : | CIVIL ACTION |
| v. | : | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | : | NO. 24-2327 |
| v. | : | |
| PROGRESSIVE ADVANCED INSURANCE COMPANY | : | |

MEMORANDUM

Bartle, J.                                                              July 16, 2025

In this diversity action, plaintiff Silva Avetian, a citizen of Pennsylvania, seeks to obtain underinsured motorist ("UIM") benefits from her own carrier, defendant Allstate Fire and Casualty Insurance Co., for injuries she sustained in an automobile accident on July 19, 2023 on the Garden State Parkway in New Jersey. At the time of the accident, she was a passenger in a vehicle operated by Nicholas Legidakes. She asserts that the accident occurred due to the negligence of John Sullick, the operator of a second vehicle. Her claim against Sullick was settled for $22,500. Allstate has joined Progressive Advanced Insurance Co., Legidakes' insurer, as a third-party defendant.[1]

---

1. On April 14, 2024, the parties stipulated to dismiss all claims against Progressive Insurance Company and instead, join the correct third-party defendant, Progressive Advanced Insurance Company ("Progressive") (Doc. # 43).

Before the court is the unopposed motion of Allstate for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Doc. # 51). Allstate argues that it has no obligation to plaintiff for UIM coverage until credited with the full coverage limits under Sullick's policy with GEICO and the UIM benefits paid by Progressive, Legidakes' insurer. Under Rule 56(g), the court may enter an order stating that a material fact is undisputed and that it is established for purposes of the case.

I

The court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). The court must draw all inferences in favor of the nonmoving party. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient evidence in the record for a reasonable factfinder to find for the nonmovant. See Anderson, 477 U.S. at 252. "The mere

existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]."  Id.  In addition, Rule 56(e)(2) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion."

II

At the time of the accident, plaintiff's automobile insurance policy with Allstate included UIM coverage of up to $100,000 per person and $300,000 per accident.  The Progressive policy of Legidakes, which insured the vehicle plaintiff occupied when injured, provided UIM coverage of up to $250,000 per person and $500,000 per accident.[2]  Sullick, the tortfeasor, had a GEICO policy with liability limits of $25,000 per person and $50,000 per accident.

The purpose of UIM coverage is to provide benefits to a person injured in an automobile accident when recovery from the tortfeasor or the tortfeasor's insurance is not adequate compensation.  Eichelman v. Nationwide Ins. Co., 711 A.2d 1006,

---

2.  In its answer, third-party defendant Progressive admitted that at the time of the accident, it insured the vehicle in which plaintiff was a passenger at the time of the accident (Doc. # 44 at ¶ 8).

1010 (Pa. 1998).  The source of these benefits is usually the injured person's own automobile policy.

A UIM insurer of the injured party is entitled to decrease its payment by the full amount of the tortfeasor's policy limits even if the full amount of the policy is not paid. Boyle v. Erie Ins. Co., 656 A.2d 941, 943-44 (Pa. Super. Ct. 1995).  In addition, when the damages to the injured person exceeds the limits of the tortfeasor's policy, Pennsylvania law[3] requires the UIM insurer covering the vehicle occupied by the injured person to pay before the UIM carrier covering a vehicle not involved in the accident.  It provides:

> Where multiple policies apply, payment shall be made in the following order of priority:
>     (1)  A policy covering a motor vehicle occupied by the injured person at the time of the accident.
>     (2)  A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

75 Pa. Cons. Stat. § 1733(a).

Allstate asserts that it is a secondary UIM insurer behind Progressive as Progressive's policy covers a vehicle involved in the accident while Allstate's policy covers a vehicle not involved in the accident.  A secondary UIM insurer

---

3.  The parties do not dispute that Pennsylvania law applies in this diversity matter.  Under Pennsylvania law, "an insurance contract is governed by the law of the state in which the contract was made."  Meyer v. CUNA Mut. Ins. Soc'y, 648 F.3d 154, 162 (3d Cir. 2011).

is entitled to a credit against its UIM limits for the maximum UIM coverage available from the primary carrier. <u>Nationwide Ins. Co. v. Schneider</u>, 906 A.2d 586, 595 (Pa. Super. Ct. 2006), <u>aff'd</u>, 599 Pa. 131 (Pa. 2008).

Defendant Allstate is correct that its UIM coverage is secondary in priority to the UIM coverage in the Progressive policy. The latter policy covered the vehicle in which plaintiff was a passenger at the time of the accident. Consequently, Progressive's obligation to pay UIM benefits precedes any obligation of Allstate. <u>See</u> 75 Pa. Cons. Stat. § 1733(a)(2).

Allstate is due two credits. The first is for $25,000, the tortfeasor's policy limits even though plaintiff only received $22,500 in settlement. The second is for $250,000, the amount of UIM coverage provided by the Progressive policy. Allstate is entitled to a total credit of $275,000 before it has any obligation to provide underinsured motorist benefits to plaintiff.